UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE BROWN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-4127 |
| | ) | |
| v. | ) | |
| | ) | |
| POLICE OFFICER MICHELLE MORSI, | ) | |
| POLICE OFFICER JOSE LOPEZ, | ) | |
| POLICE OFFICER JASON VANNA, | ) | Jury Demand |
| P.O. J.R. HICKEY STAR NO. 11523, | ) | |
| P.O. L.F. HILL STAR NO. 16047, | ) | |
| P.O. J.M. DAISY STAR NO. 10982, | ) | |
| P.O. NAVIA STAR NO. 7390, | ) | |
| P.O. McMAHON STAR NO. 17102, | ) | |
| P.O. HO STAR NO. 7995, | ) | |
| P.O. CHEVELIER STAR NO. 7206, | ) | |
| POLICE OFFICER JOHN BLAHUSIAK, | ) | |
| DETECTIVE MICHELLE MOORE-GROSE, | ) | |
| DETECTIVE WILLIAM SULLIVAN, | ) | |
| DETECTIVE BRYAN NEELY, | ) | |
| SGT. DURHAM STAR NO. 1803, | ) | |
| SGT. J. BROWN STAR NO. 1133, | ) | |
| SGT. GREER STAR NO. 1316, | ) | |
| SGT. R. BLAS STAR NO. 1248, | ) | |
| individually, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, CATHERINE BROWN, by and through one of her attorneys, David S. Lipschultz of GOLDBERG WEISMAN CAIRO, and complaining against the Defendants, Police Officer Michelle Morsi, Police Officer Jose Lopez, Police Officer Jason Vanna, Police Officer J.R. Hickey Star No. 11523, Police Officer L.F. Hill Star No. 16047, Police Officer J.M. Daisy Star No. 10982, Police Officer Michelle Moore-Grose, Police Officer Navia Star No. 7390, Police Officer McMahon Star No. 17102, Police Officer Ho Star No. 7995,

1

Police Officer Chevelier Star No. 7206, Police Officer John Blahusiak, Detective William Sullivan, Detective Bryan Neely, Sergeant Durham Star No. 1803, Sergeant J. Brown Star No. 1133, Sergeant Greer Star No. 1316, Sergeant R. Blas Star No. 1248, individually, and the City of Chicago, as follows.

## JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

## PARTIES

4. The Plaintiff, Catherine Brown, is a United States citizen and a resident of the State of Illinois, County of Cook.

5. At all relevant times relevant herein, Defendant Police Officer Michelle Morsi ("Officer Morsi") was, and is, employed by the City of Chicago as a sworn police officer. She is sued in her individual capacity. At the time of the incident at issue in this Complaint, Officer Morsi was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

6. At all relevant times relevant herein, Defendant Police Officer Jose Lopez ("Officer Lopez") was, and is, employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer

Lopez was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times relevant herein, Defendant Police Officer Jason Vanna ("Officer Vanna") was, and is, employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Vanna was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times relevant herein, Defendant Police Officer J.R. Hickey Star No. 11523 ("Officer Hickey") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer Hickey was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

9. At all relevant times relevant herein, Defendant Police Officer L.F. Hill Star No. 16047 ("Officer Hill") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer Hill was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

10. At all relevant times relevant herein, Defendant Police Officer J.M. Daisy Star No. 10982 ("Officer Daisy") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer Daisy was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

11. At all relevant times relevant herein, Defendant Police Officer Navia Star No. 7390 ("Officer Navia") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer Navia was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

12. At all relevant times relevant herein, Defendant Police Officer McMahon Star No. 17102 ("Officer McMahon") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer McMahon was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

13. At all relevant times relevant herein, Defendant Police Officer Ho Star No. 7995 ("Officer Ho") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer Ho was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

14. At all relevant times relevant herein, Defendant Police Officer Chevelier Star No. 7206 ("Officer Chevelier") was, and is, employed by the City of Chicago as a sworn police officer. She/he is sued in his/her individual capacity. At the time of the incident at issue in this Complaint, Officer Chevelier was engaged in the conduct complained of while acting within the scope of his/her employment and under color of law.

15. At all relevant times relevant herein, Defendant Detective Michelle Moore-Grose ("Detective Moore-Grose") was, and is, employed by the City of Chicago as a sworn police detective. She is sued in her individual capacity. At the time of the incident at issue in this

Complaint, Detective Moore-Grose was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

16. At all relevant times relevant herein, Defendant Detective William Sullivan ("Detective Sullivan") was, and is, employed by the City of Chicago as a sworn police detective. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Detective Sullivan was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

17. At all relevant times relevant herein, Defendant Detective Bryan Neely ("Detective Neely") was, and is, employed by the City of Chicago as a sworn police detective. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Detective Neely was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

18. At all relevant times relevant herein, Defendant Sergeant Durham Star No. 1803 ("Sergeant Durham") was, and is, employed by the City of Chicago as a sworn police sergeant. She/he is sued in her/his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Durham was engaged in the conduct complained of while acting within the scope of her/his employment and under color of law.

19. At all relevant times relevant herein, Defendant Sergeant J. Brown Star No. 1133 ("Sergeant Brown") was, and is, employed by the City of Chicago as a sworn police sergeant. She/he is sued in her/his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Brown was engaged in the conduct complained of while acting within the scope of her/his employment and under color of law.

20. At all relevant times relevant herein, Defendant Sergeant Greer Star No. 1316 ("Sergeant Greer") was, and is, employed by the City of Chicago as a sworn police sergeant. She/he is sued in her/his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Greer was engaged in the conduct complained of while acting within the scope of her/his employment and under color of law.

21. At all relevant times relevant herein, Defendant Sergeant R. Blas Star No. 1248 ("Sergeant Blas") was, and is, employed by the City of Chicago as a sworn police sergeant. She/he is sued in her/his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Blas was engaged in the conduct complained of while acting within the scope of her/his employment and under color of law.

22. At all times relevant herein, Defendant City of Chicago was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendants Coleman.

## FACTS COMMON TO ALL CLAIMS

23. On or about May 13, 2013, at approximately 9:00 p.m., the Plaintiff, Mrs. Brown, was driving in her vehicle in the alley behind her residence at 8320 S. Kerfoot, Chicago, Illinois.

24. At that time, Mrs. Brown was not committing any crimes or engaging in any unlawful activity.

25. Mrs. Brown was assaulted and arrested by Defendant Police Officers.

## COUNT I
## SECTION 1983 EXCESSIVE FORCE
## PLAINTIFF BROWN AGAINST DEFENDANT POLICE OFFICERS

26. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25 as his respective allegations of paragraph 26 of Count I.

27. The force used by the Defendant Police Officers was unreasonable, unprovoked, unnecessary and excessive.

28. As a result of the actions and inactions of the Defendant Police Officers, Plaintiff Catherine Brown was injured.

29. Said actions of the Defendant Police Officers were intentional, willful and wanton.

30. Said actions the Defendant Police Officers violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

31. As a direct and proximate consequence of said conduct of the Defendant Police Officers, the Plaintiff suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, the Plaintiff, Catherine Brown, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against the Defendant Police Officers.

## COUNT II
## SECTION 1983 FALSE ARREST
## PLAINTIFF BROWN AGAINST DEFENDANT POLICE OFFICERS

32. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31 as his respective allegations of paragraph 32 of Count II.

33. The Defendant Police Officers did not have probable cause to arrest Mrs. Brown.

34. The actions of the Defendant Police Officers violated the Mrs. Brown's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

35. As a direct and proximate consequence of said conduct of the Defendant Police Officers, Mrs. Brown suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Catherine Brown, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against the Defendant Police Officers.

## COUNT III
## INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
## AGAINST DEFENDANT CITY OF CHICAGO

36. Plaintiff Brown re-alleges and incorporate the allegations of paragraphs 1 through 35 as their respective allegations of paragraph 36 of Count III as though fully forth herein.

37. The acts of the Defendants were committed in the scope of their employment with the Defendant City of Chicago

38. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of the Defendant Police Officers.

WHEREFORE, the Plaintiff, Catherine Brown, respectfully asks this Honorable Court to order the Defendant City of Chicago to pay the Plaintiff any judgments for compensatory damages against Defendant Police Officers.

## JURY DEMAND

The Plaintiffs request a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz

David S. Lipschultz
GOLDBERG WEISMAN CAIRO
One East Wacker, 38th Floor
Chicago, IL  60601
(312) 464-1200
Atty. No. 6277910

8